**Sam MOORE, Appellant,**

v.

**Ray FIELDS, Appellee.**

Court of Appeals of Kentucky.

Sept. 5, 1975.

L. Owen Doyle, Jack L. Lewis, Paintsville, for appellant.

Eugene C. Rice, Paintsville, Leo A. Marcum, Inez, for appellee.

STERNBERG, Justice.

Appellant is the duly elected, qualified and acting sheriff and appellee is the duly elected, qualified and acting county judge of Martin County, Kentucky. This appeal is from a judgment of the Martin Circuit Court which upheld an order of the Martin County Court removing the appellant from the office of sheriff for having failed to file a faithful performance bond in the time required by KRS 134.230. Sheriff Moore was elected in 1973 and, after executing all bonds required of him, assumed the duties of his office in January, 1974.

KRS 134.230 requires the sheriff annually, before or as of June 1, to execute a new bond. KRS 134.280 provides that in the event the bond required by KRS 134.230 is not timely executed and filed, then and in that event the sheriff shall forfeit his office and the county court may appoint a sheriff to fill the vacancy. The first annual renewal bond came due June 1, 1975. It was not filed by the sheriff nor was it offered to be filed until June 2, 1975. There are other bonds required of the sheriff, however, they are not involved in this litigation. The sole issue on this appeal is directed at appellant's compliance with the bond required by KRS 134.230.

It is appellant's contention that he was ready, willing and able at all times subsequent to May 10, 1975, to execute the subject bond but that the county judge made it impossible for him to execute and file the renewal bond by June 1. The amended complaint alleges that KRS 134.280(1) is unconstitutional. At the time the complaint was filed a restraining order was issued. Subsequently, the appellee filed a motion to dissolve the restraining order and the appellant filed a motion for a temporary injunction. With that state of the record, the cause was heard in chief by the circuit judge on June 13, 1975. After an extensive hearing, the court filed its findings of facts, conclusions of law and judgment. The trial judge held that since the sheriff had failed to file his bond until after June 1, the county judge acted properly in declaring the office vacant. As this court

views the issue, it is not that the bond was not renewed by June 1 but whether the county judge forestalled the sheriff in the timely filing of the bond. This question was not disposed of by the trial judge. We deem this question pivotal. From a close study of the record, it has been determined that this court can, and we will dispose of it.

The parties tried the case as if all of the allegations of the complaint and the amended complaint were controverted. We, likewise, will consider the issues as having been fully made.

There is much testimony relating to conversations that allegedly took place between the sheriff and the county judge during the months of May and June, 1975, pertaining to the execution of this bond. The trial judge did not, nor does this court deem it necessary in the determination of the issue to decide whether there was this extensive dialogue.

The sheriff, on May 29, 1975, and at all times thereafter, had a completed bond with good and sufficient personal surety in his possession ready to file with the county judge. The county judge was absent from Martin County from noon on Wednesday, May 28, until late Saturday night, May 31. KRS 25.140 provides that the county judge may appoint a *pro tem* to carry out the duties of that office while the county judge is absent from the county. However, the county judge did not appoint a pro tem. There was no county judge or pro tem in Martin County from May 28 through May 31 to whom the sheriff could have presented his bond. The sheriff was thereby delayed three and one-half days by reason of the hiatus in the office of the county judge. The sheriff offered the bond to the county judge on June 2, which was not only the first work day of June but was the first day that the county judge was back in his office after his journey out of the state. To countenance the action of the appellee in creating a hiatus in his office for three and one-half days immediately preceding June 1 would cloak the county judge with power to

veto the action of the electorate of Martin County. This, we refuse to do.

This court is of the opinion that under the circumstances of this case the appellant had done all that he was required to do toward the filing of his KRS 134.230 faithful performance bond. The appellee should have received and filed the bond and made it effective as of June 1, 1975. The order of the Martin County Court dated June 3, 1975, is void.

In view of our opinion, it becomes unnecessary to consider any other issue raised herein.

We reverse the judgment of the lower court with directions to enter a new judgment consistent with this opinion.

All concur.